Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 924 | **DATE** | 11/7/2003 |
| **CASE TITLE** | United States of America vs. Francisco Quinones | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The parties' motions in limine are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 13 2003 | 143 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 NOV 11 PM 11:16 | | |
| | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 CR 924-3 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| FRANCISCO QUINONES, | ) | |
| a/k/a "Panchita", | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

DOCKETED
NOV 1 3 2003

The court rules on the parties' motions in limine as follows:

**Government's Motion in Limine to Pre-Qualify Narcotics Experts and Permit Their Proposed Expert Testimony and Defendant Quinones' Motion to Preclude Drug Expert Testimony**

The government has moved that Agent Robletto and Agent Masumoto (the court has been notified that Agent Masumoto may not be called) be qualified as experts on the structure of narcotics-trafficking organizations, on the means such organizations employ to traffic drugs into the United States, on how drug organizations employ various individuals to fulfill specific functions and their use of code words and on drug valuation. Defendant moves for an order prohibiting Agents Robletto and Masumoto from mentioning any drug cartel and organization.

The government's description of the proposed testimony (which it calls "a summary" subject to change) is too vague for the court to make the kind of specific findings the Daubert case requires. Indeed, the government's and the defendant's descriptions of the proposed evidence are not uniform. The court will hold a *Daubert* hearing, at the earliest possible time, to evaluate the admissibility of the proposed evidence. In addition to making the findings necessary to satisfy *Daubert*, some of the evidence obviously must be scrutinized under Rule 403, and the court must know more about the

government's evidence before it can evaluate the probative value of the evidence against its prejudicial effect; the relevance of some of this vaguely-described evidence is far from clear. The court notes that the filing a motion requiring evidentiary findings just one week before trial puts the court and the parties in an untenable position.

### Defendant Quinones' Motion for Attorney Conducted Voir Dire

Granted to the extent described by the court at the hearing on November 5, 2003.

### Defendant Quinones' Motion for Disclosure of Evidence Which May Lead to the Impeachment of any Government Witness; Defendant Quinones

The court assumes that by this date, these boilerplate motions are moot, and they are therefore denied as moot. If there are unresolved issues, they should be brought to the court's attention.

### Government's Motion in Limine to Exclude Cross-Examination Regarding Prior Conduct

This motion has been withdrawn.

### Government's Motion in Limine to Preclude Presentation of "Cultural Anthropology" Evidence

Inasmuch as the defendant has not responded to this motion, the court assumes it is not contested. It is therefore granted.

### Government's Motion in Limine to Preclude Defendant From Making Reference to "Missing Witnesses"

No response has been filed indicating any basis for a missing witness instruction.[1] The motion is granted.

---

[1] As this court was preparing to issue this ruling, late in the afternoon of November 6, defendant delivered a motion arguing for a missing witness instruction. This motion was denied as untimely. It does not appear to have been a response to the government's motion described herein. Defendant can argue its case for a missing witness instruction at the instruction conference.

## Government's Motion in Limine to Admit Audio Recordings

The defense argues that the agent's voice identification is unreliable and that the statements of the CI, in the course of the recorded conversation between the CI and Mr. Quinones, are hearsay and violate the defendant's Sixth Amendment rights. Unreliability is a proper subject for cross-examination, not a basis for exclusion. If the defense wishes to voir dire the agent on the foundation for the audio recordings before the recordings are played for the jury, the court will permit such a voir dire.

The court does not understand the argument that the CI's recorded statements are being introduced for the truth of the matter asserted or that somehow the Sixth Amendment right to confrontation is implicated. The court assumes that what the parties are arguing about are recorded conversations between Mr. Quinones and the CI, in which they discuss what is occurring. Such a recording is presumably being introduced because the conversation itself is believed by the government to indicate guilty participation by Mr. Quinones: either the CI is saying something to the defendant which provides a basis on which the jury can infer the defendant's guilty knowledge or the defendant is saying something that is itself incriminating. The court cannot imagine a recording that would be objectionable as hearsay: i.e., in which the CI's credibility would matter. The CI's statements, rather than being introduced for the truth of what is being asserted, are the context in which the remarks of Mr. Quinones must be understood. The court will give an appropriate limiting instruction if one is presented by the defense. The government's motion to admit the audiotapes, subject to cross-examination at trial, is granted.

The government's motion is directed only to tapes of conversations between the defendant and the CI, and it is to those tapes only (and not to other matters discussed in defendant's response) that

this ruling relates.

## Government's Motion to Preclude Defendant From Introducing or Eliciting Evidence Concerning Background of Non-Testifying Cooperating Individual

Since the CI's credibility is not at issue, the motion is granted unless it is relevant to some subject other than the CI's credibility.

## Government's Motion in Limine Concerning Character/Reputation Witnesses

The court will attempt to rule in conformity with Rule 404(1)(1). To this extent, the motion is granted.

## Government's Motion in Limine Regarding Jury Nullification

The court declines to rule in limine on every hypothetical horrible the government can imagine. The court will rule on the government's objections to specific questions or arguments as they are made. Because the court does not believe that it has been given sufficient information for a responsible in limine ruling, the motion is denied without prejudice.

## Evidence and Argument of Outrageous Government Conduct

No in limine ruling on this issue is reasonably possible. The motion is denied without prejudice to the making of appropriate objections at trial.

## Penalties Faced by Defendant

The motion, to which no response was filed, is granted.[2] (Late in the afternoon of

---

[2]Late in the afternoon of November 7, way out of time, the defense filed a motion to permit it to make known to the jury the penalties faced by the defendant. The court believes that the law as it currently exists unequivocally supports the government's position, although scholarly opinion is growing that because judges now have little or no discretion over sentencing and the jury is essentially determining the sentence by its verdict, there is no longer good reason to keep the jury in the dark. Regardless, the government's position is amply supported by current caselaw and the defendant (who failed even to respond to the government's motion on this point) has asked the court to consider this issue far too late.

November 7, the defendant filed, out of time, a motion to permit this evidence

**Argument or Questioning Regarding a Defendant's Family Needs**

The court will not rule on these matters in limine. The motion is denied without prejudice to making appropriate objections at trial.

**Argument or Questioning That the Investigation or Prosecution of This Case Was Racially Motivated**

This is obviously part of a boilerplate omnibus motion. If this motion has any relevance to this case, the court would be surprised. The motion is denied without prejudice.

**Evidence and Argument of Defendant's Past Lawfulness and Non-Corrupt Conduct**

Denied without prejudice to raising appropriate objections at trial.

**Evidence and Argument that a Witness Used Narcotics**

There are many lines of cross-examination which might legitimately involve an inquiry into a witness' past drug use. For instance, if the witness was arguably impaired from drugs at the time he witnessed events about which he is testifying and denied drug use, his history of drug use might be relevant. Similarly, a witness' involvement with drugs in the past might be relevant to an adequate exploration of the consideration he hopes for from the government as a result of testifying. Accordingly, no abstract in limine ruling on this subject is possible. The court will grant the government a voir dire outside the presence of the jury if the defense wishes to inquire concerning past drug use; defendant may not inquire about this issue without prior notice to the court and the government so that the court can make a relevancy ruling and a voir dire examination can be conducted if appropriate. To that extent, the motion is granted. Beyond that, The court accepts the Seventh Circuit's conclusion in *Neely,* 980 F.2d at 1081, that long-past drug use, standing alone and

not temporally-related to the events at issue, should not be admitted if its only purpose is to demonstrate a propensity to lie.

**Allegations of Witness Wrongdoing Not Involving Dishonesty**

The court will not provide the parties with an advisory opinion on its interpretation of various rules of evidence, what it appears that this very general motion seeks. If the government wishes to exclude some specific item of evidence, it should make a specific argument. The motion is denied without prejudice.

**Admissibility of Portions of Tape Recordings**

Again, presenting another motion so general that it must have come from some master computer motion bank, the government requests that the court rule on a difficult matter in the abstract: it seeks permission to redact from tape recordings it plans to play to the jury anything said by the defendant it judges to be exculpatory. These matters cannot be addressed in the abstract. If the court is provided with specifics, it will rule. This motion is denied.

**Redacted Post-Arrest Statements**

Similarly, the government asks for *carte blanche* to redact from the defendant's post-arrest statements anything it believes is exculpatory. This motion is denied.

**Discovery Requests or Commentary Regarding Discovery in Presence of Jury**

The motion is granted. All requests for additional discovery are to be made outside the presence of the jury.

## Government's Motion in Limine to Preclude Questioning About "Agree to Disagree" Sections of Jesus Gutierrez-Ruiz's Plea Agreement

As the defense appears to concede, the lawyers' view of whether the facts of the case justify a role adjustment is not relevant. However, Mr. Gutierrez' description of his role is critically important, because it appears that he will be a key witness on the roles played by all the alleged participants in the conspiracy, including defendant Quinones. Similarly, Mr. Gutierrez' understanding of the benefits he can expect due to his cooperation is relevant, as presumably both parties would agree. Finally, Mr. Gutierrez' understanding of the impact on his sentencing of how he describes his role is highly relevant, since if he understands that his sentence will be affected by how the court comes to understand the role he played, he is likely to have a strong interest in shaping his testimony to paint his participation in the most beneficial light.

The court does not understand from the parties' submissions whether the "agreement to disagree" relates only to the legal question of the applicability of a role adjustment or whether there is a factual disagreement between Mr. Gutierrez and the government as to the role he played. If the latter, then the fact that the government rejects Mr. Gutierrez' account of his role is highly relevant, not only because it indicates that the government has evidence that Mr. Gutierrez is lying but because Mr. Gutierrez' insistence that his role was minor may have an impact on whether he gets credit for acceptance of responsibility or extra points for obstruction of justice. If Mr. Gutierrez and the government do not disagree on the facts but only on the legal consequences that flow from those facts, then the only relevance of the agreement to disagree is whatever motive it gives Mr. Gutierrez to shape his testimony to try to persuade the court that his role was minor; it is not inconceivable that his attempt to embellish or minimize his role could affect how he describes the role played by Mr.

Quinones.

The parties should be prepared to provide the court with more information about the nature of this disagreement before Mr. Gutierrez testifies.

**Conclusion**

The parties' motions in limine are granted in part and denied in part as set forth above.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: November 7, 2003